UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

STEPHANIE MOYER, *as Administrator of the Estate of VICTORIA JEANNETTE HERR*,

Plaintiff,

v.

LEBANON COUNTY, et al.,

Defendants.

CIVIL ACTION NO. 3:16-CV-01424

(MARIANI, J.)
(MEHALCHICK, M.J.)

## MEMORANDUM

On July 11, 2016, Plaintiff Stephanie Moyer filed the instant lawsuit, seeking damages from a number of Defendants stemming from the death of her daughter, Victoria Jeannette Herr. (Doc. 1). Following the disposition of a motion to dismiss, Plaintiff filed an amended complaint on August 4, 2017. (Doc. 45). In her amended complaint, Plaintiff alleges a claim of deliberate indifference to a serious medical need, a *Monell* claim, a state law negligence claim, and a state law claim for intentional infliction of emotional distress.[1] These claims are brought against Lebanon County, and a number of medical staff and correctional officers at Lebanon County Correctional Facility.

---

[1] The "Lebanon County Defendants" – comprised of Defendants Lebanon County, McHale, Phipps, Garbuz, Bomzer, karnes, Gerstner, Gettle, Herr (unrelated to Victoria Herr), Krall, Smith, Williams, Kiscadden, Anderson, Gable, Barcynski, Eisenhour, Barlett, Bullocks, Taylor, Kane, Bale, and Evans – have filed a motion to dismiss certain claims in the amended complaint. (Doc. 48). The motion remains pending before the Court and the contentions contained therein are not addressed in this Memorandum.

The parties are engaged in discovery. On December 19, 2017, the Court conducted a conference call regarding a discovery dispute between the parties, arising from subpoenas issued to former and current employers of Defendant Heather Phipps. The subpoenas request "[a]ll employment records . . . maintained by you including, but not limited to, personnel files, performance evaluations, grievances, dates of employment, training records, and payroll records from January 1, 2011, through the present." (Doc. 70-1).

Counsel for the Defendants argue this language is overly broad, invasive, and irrelevant to the case at hand because the issue is the actions taken by the Defendants and how each contributed to the death of Victoria Jeannette Herr in 2015. Thus, counsel argues, subpoenas crafted in a manner that seek information on subsequent acts or knowledge does not bear on the key issues in the remaining claims. Counsel for the Plaintiff counters the subpoena is intended to: determine specific training Phipps received; verify employment; corroborate deposition testimony; and for impeachment purposes.

Additionally, and central to this discovery dispute, the information is intended to be used to determine if Phipps has been reprimanded for responses to any similar situation she experienced in her subsequent employment, and to determine whether she received training on how to respond to such a similar situation. Counsel for the Plaintiff asserts that Phipps' and other defendants' continued insistence that staff acted properly in responding to Herr's deteriorating condition fits with factual assertions that officials acted to cover up any wrongdoing. Counsel argues that evidence that Phipps received reprimand in handling of any similar individual undermines the assertion that she and other staff took proper measures in caring for Victoria Herr on the days and nights in question. When prompted, neither counsel specifically confirmed that Phipps was questioned on or identified reprimands in her subsequent

employment. Counsel for the Plaintiff also notes that subpoenas were only sent to past and present employers at which Phipps testified to treating for detox symptoms as part of her employment.

Courts afford considerable latitude in discovery in order to ensure that litigation proceeds with "the fullest possible knowledge of the issues and facts before trial." *Hickman v. Taylor*, 329 U.S. 495, 501 (1947). The general scope of discovery is outlined by Federal Rule of Civil Procedure 26(b)(1) as:

> [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

FED. R. CIV. P. 26(b)(1).

Any discovery sought by way of a Rule 45 subpoena must fall within this permissible scope of discovery.[2] *Landau v. Zong*, No. 3:15-CV-1327, 2017 WL 6336630, at *2 (M.D. Pa. Dec. 12, 2017) (citations omitted). Relevance, for purposes of discovery, does not hinge on admissibility at trial. Hence, the Court needs only determine if the information sought "is relevant to any party's claim or defense and proportional to the needs of the case" as provided in Rule 26(b)(1), or whether the defendants are embarking on a "fishing expedition." *See United States v. Cuthbertson*, 630 F.2d 139, 144 (3d Cir. 1980). Even under the revised Rule 26, District

---

[2] The Court construes the dispute as a motion to quash under Rule 45.

Courts have discretion to shape the permissible scope of discovery. *See Greene v. Horry Cnty.*, 650 F. App'x 98, 99 (3d Cir. 2016) (non-precedential) (citing *Anderson v. Wachovia Mortg. Corp.*, 621 F.3d 261, 281 (3d Cir. 2010)). Courts consider "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." FED. R. CIV. P. 26(b)(1). However, Rule 26(b)(2)(C) requires the court to limit the extent of discovery that would otherwise be permitted by the rules of civil procedure or by local rule if it determines that the information sought is outside the scope permitted by Rule 26(b)(1).

Counsel for the Plaintiff make a compelling argument that at least some of the information is relevant. Discovering dates of employment is hardly invasive or burdensome and helps to describe Phipps' experience. Additionally, the training that Phipps received prior to her position at the Lebanon County Correctional Facility in caring for addicts experiencing withdrawal is relevant to determining Phipps' own subjective understandings when treating Victoria Jeannette Herr. Training records for employment after Ms. Herr's death are certainly less easily deemed relevant for resolution of the claims in this case. However, the scope of discovery is significantly broader than the scope of evidence to be presented at trial. To the extent Phipps is expected to testify that she properly treated Herr during Herr's deterioration, evidence demonstrating subjective knowledge of mistreatment—even after-acquired knowledge—is plausibly relevant to the instant claims.

Under the same logic, it is difficult to separate the provision of grievances against Phipps. In order to protect against disclosure of information irrelevant to this case, the discovery of grievances should be limited only to grievances for mistreatment of patients

undergoing detox and withdrawal, and only those where the employer determined improper action was taken. A narrowing of the subpoena achieves the discovery goals expressed by counsel for the Plaintiff, while remaining within the scope provided by Rule 26.

The remainder of the information sought – personnel files, performance evaluations, and payroll records – are all excessive given the nature of the action and the other discovery sought. Counsel for the Plaintiff stated payroll records are sought for determining employment history, which is satisfied by receipt of dates of employment from the respective employers. Personnel files and performance evaluations are not narrowly tailored to discover information relevant to determining the claims in this action. The issue centers upon Phipps's understanding and knowledge in her treatment, not how satisfactory subsequent employers find her work.

Accordingly, the Defendants' motion to quash the subpoenas sent to the former and present employers of Heather Phipps (Doc. 70) is **GRANTED IN PART** and **DENIED IN PART**. The subpoenas should be amended to provide only for dates of employment, training related to treatment of individuals experiencing detox and withdrawal, and grievances where the employer found wrongdoing or improper treatment of the same. As with other discovery, the documents are to be produced and marked for "Attorneys Eyes Only" and are to be reviewed in accordance with the Confidentiality Agreement (Doc. 54) entered into by the parties.

An appropriate Order follows.

Dated: December 20, 2017

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States Magistrate Judge**