# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEPHANIE MOYER, *as Administrator of the Estate of VICTORIA JEANNETTE HERR*, <br><br> Plaintiff, <br><br> v. <br><br> LEBANON COUNTY, et al., <br><br> Defendants. | CIVIL ACTION NO. 3:16-CV-01424 <br><br> (MARIANI, J.) <br> (MEHALCHICK, M.J.) |

## REPORT AND RECOMMENDATION

Before the Court is a motion to dismiss filed by 23 Defendants collectively identified as the "County Defendants." (Doc. 48). Therein, these Defendants[1] assert that four claims identified in the amended complaint filed by Plaintiff Stephanie Moyer must be dismissed. (Doc. 49). Upon briefing, the parties narrowed the disputed claims to just two: deliberate indifference to serious medical needs on the part of Defendant Gerstner; and intentional infliction of emotional distress suffered by Moyer personally. The Court recommends that the County Defendants' motion to dismiss be **DENIED**.

---

[1] Comprised of Defendants Lebanon County, McHale, Phipps, Garbuz, Bomzer, Karnes, Gerstner, Gettle, Herr, Krall, Smith, Williams, Kiscadden, Anderson, Gable, Barcynski, Eisenhour, Barlett, Bullocks, Taylor, Kane, Bale, and Evans.

**I.   SUMMARY OF FACTS**

On March 27, 2015, decedent Victoria Jeannette Herr ("Herr") entered Lebanon County Correctional Facility, having been arrested during the execution of a search warrant upon discovery of controlled substances. (Doc. 45, ¶¶ 2; 47). At intake, Herr informed Defendant Gerstner that she would experience withdrawal from heroin. (Doc. 45, ¶ 48). The next morning, Defendant Bomzer conducted a medical examination, at which time Herr stated she had begun to experience symptoms of withdrawal. (Doc. 45, ¶¶ 51-52). This examination did not contain notation of Herr's vital signs or withdrawal symptoms. (Doc. 45, ¶ 54).

Defendant Bomzer placed Herr on "withdrawal protocol," requiring periodic checks on Herr's health. (Doc. 45, ¶ 57). Herr went unchecked for four days despite "a rapid and severe decline in her health." (Doc. 45, ¶ 61). During this period, Herr experienced "repeated bouts of vomiting and near constant diarrhea," which required adult diapers. (Doc. 45, ¶¶ 62-64). Herr did not eat, ingested only limited fluids, suffered from hallucinations, and could not stand, walk, or sit up without assistance. (Doc. 45, ¶¶ 65-67). Other inmates informed staff of Herr's symptoms, and correctional staff observed her symptoms directly, but staff did not act upon observance or information. (Doc. 45, ¶¶ 69-75). In fact, once Plaintiff Moyer learned of Herr's condition, she attempted to visit Herr at the facility, but staff denied Moyer entry and informed her that Herr was "fine" despite knowing otherwise. (Doc. 45, ¶ 79-82).

In the afternoon of March 31, 2015, Herr was taken to the medical unit to see Defendant McHale, unable to walk on her own. (Doc. 45, ¶¶ 84-85). Despite signs of withdrawal, no medical treatment was offered, aside from provision of a nutritional supplement and water. (Doc. 45, ¶¶ 86-90). Later that evening, staff returned to take Herr back to the medical unit, however Herr again could not walk on her own. (Doc. 45, ¶¶ 92-93). Herr was roughly

transported, accused of faking her condition, not given an examination, and again only provided with a nutritional supplement and water. (Doc. 45, ¶¶ 94-99). Upon return to her cell, "Herr collapsed[] and brown fluid started to pour from her mouth and nose. (Doc. 45, ¶ 104). Herr stopped breathing and had no pulse. (Doc. 45, ¶ 104). Correctional officers ("c/o's") did not intervene, nor did they permit inmates to assist Herr. (Doc. 45, ¶¶ 106-07). After several minutes, medical staff was summoned and managed to revive Herr; however Herr suffered brain damage in the interim and never regained consciousness. (Doc. 45, ¶¶ 108-11). Herr was transferred to intensive care and on April 5, 2015, she died. (Doc. 45, ¶ 118).

## II. PROCEDURAL HISTORY

Moyer initiated the present suit by the filing of a civil complaint for wrongful death, seeking damages for violations of Herr's constitutional rights. (Doc. 1). Upon review of the County Defendants' motion to dismiss dated September 12, 2016 (Doc. 18), the Court recommended partial dismissal of Moyer's complaint, including claims of deliberate indifference by Defendant Gerstner and intentional infliction of emotional distress against Defendants Karnes and Gerstner. (Doc. 35). The District Court adopted the undersigned's report and recommendation on July 13, 2017. (Doc. 38).

Moyer filed an amended complaint on August 4, 2017. (Doc. 45). The amended complaint attempts to correct the pleading deficiencies against Karnes and Gerstner by amended the underlying conduct by Gerstner in the revised claim for deliberate indifference, as well as the capacity in which Moyer asserts claims against Karnes and Gerstner for intentional infliction of emotional distress. The County Defendants filed the instant motion to dismiss on August 24, 2017, along with their brief in support the same day. (Doc. 48; Doc. 49). Moyer

filed her brief in opposition on September 18, 2017 (Doc. 63), and the County Defendants' filed their reply brief on September 26, 2017. (Doc. 66). The motion is now ripe for review.

**III. STANDARD OF REVIEW**

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). The United States Court of Appeals for the Third Circuit has noted the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), continuing with our opinion in *Phillips* [*v. Cnty. of Allegheny*, 515 F.3d 224 (3d Cir. 2008)] and culminating recently with the Supreme Court's decision in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 209–10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may be granted, the court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court "need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). Additionally, a court need not assume that a plaintiff can prove facts that the plaintiff has not alleged. *Assoc'd. Gen. Contractors of Cal. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). A plaintiff must provide some factual grounds for relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not

do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555. "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court of the United States held that, when considering a motion to dismiss, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. In deciding a Rule 12(b)(6) motion, the Court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

## IV.  DISCUSSION

In their motion to dismiss, the County Defendants raises four challenges to Moyer's amended complaint. The Defendants state Moyer's: claim of deliberate indifference to a serious medical need against Defendant Karnes should be dismissed for a failure to allege actual knowledge on the part of Karnes; claim of deliberate indifference against Defendant Gerstner should be dismissed with prejudice for failing to state a claim and due to Gerstner's ability to rely on medical judgments, and; claim for intentional infliction of emotional distress in her individual capacity should be dismissed as time-barred. (Doc. 49, at 2-3). Further, the County Defendants assert that all remaining John Doe Defendants should be dismissed under Rule 4 of the Federal Rules of Civil Procedure. (Doc. 49, at 3). In her brief in opposition, Moyer clarified that two of these claims may be disposed of at the outset. Moyer notes that there is no claim for deliberate indifference on the part of Defendants Karnes, and that the John Doe Defendants have already been identified as Defendants Gable and Bullocks. (Doc. 63, at 2).

Hence, evaluation of the instant motion to dismiss falls upon the remaining two arguments regarding deliberate indifference by Defendant Gerstner and Moyer's claim for intentional infliction of emotional distress against Gerstner and Karnes.

### A. MOYER'S CLAIM OF DELIBERATE INDIFFERENCE AGAINST DEFENDANT GERSTNER

The County Defendants argue that Moyer has failed to state a claim for deliberate indifference on the part of Defendant Gerstner, because the amendments provided constitute conclusory statements operating as a mere recitation of the elements for deliberate indifference. (Doc. 49, at 8).

In the original complaint, Moyer alleged that Gerstner noted Herr's heroin dependence at intake along with advising thirty-minute check in accordance with Herr's warnings. (Doc. 1, ¶ 51). The complaint then attempted to impute liability on Gerstner, on the basis that Gerstner knew of Herr's needs and her condition through "interactions with Ms. Herr and/or interactions with other correctional staff who interacted with Ms. Herr." (Doc. 1, ¶ 71). The undersigned recommended dismissing this claim without prejudice because the facts offered did not demonstrate a culpable level of personal involvement; a recommendation adopted on July 13, 2017. (Doc. 35, at 13; Doc. 38).

The amended complaint again notes that Gerstner performed the initial intake and his recommendation that Herr be placed on thirty-minute checks for withdrawal. (Doc. 45, ¶ 48). Moyer adds that at the time of intake, Gerstner knew that Herr would not receive adequate care for heroin withdrawal and that the policies in place would not be followed. (Doc. 45, ¶ 50). Again, Moyer asserts that Gerstner knew of Herr's serious medical needs as a result of "interactions with Ms. Herr and/or interactions with other correctional staff who interacted

with Ms. Herr[.]" (Doc. 45, ¶ 73). Moyer does not allege that Gerstner was responsible for checking on Herr or that he observed her decline and poor health. (Doc. 45, ¶ 69-70).

The most substantial change contained within the amended complaint is of Gerstner's knowledge of how Herr would be treated. The Court's evaluation is whether Moyer has "nudged" her claims of deliberate indifference "across the line from conceivable to plausible." See *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). For the purposes of a Rule 12(b)(6) motion:

> courts must consider the complaint in its entirety and determine whether the complaint as a whole contains sufficient factual matter to state a facially plausible claim. The inquiry . . . is whether *all* of the facts alleged, taken collectively, give rise to a strong inference of scienter, not whether any individual allegation, scrutinized in isolation, meets the standard.
>
> *Kedra v. Schroeter*, 876 F.3d 424, 441 (3d Cir. 2017) (internal quotations and citations omitted) (alterations in original).

A claim for deliberate indifference may be proved by either direct or circumstantial evidence. *Kedra*, 876 F.3d at 441.

Even though Moyer does not allege that Gerstner personally was responsible for or did in fact perform checks on Herr, Moyer has made out a claim for deliberate indifference. A claim for deliberate indifference reflecting a conscious disregard of a substantial risk of harm under the Eighth Amendment, requires only pleading facts "that a prison official acted or failed to act believing that harm actually would befall an inmate[.]" *Kedra*, 876 F.3d at 446 (quoting *Farmer v. Brennan*, 511 U.S. 825, 842 (1994)). This standard is lessened in cases falling under the Fourteenth Amendment for pretrial detainees such as Herr. Deliberate indifference is thereby considered a willingness to ignore a foreseeable danger or risk or conscience shocking behavior for unhurried situations. *Kedra*, 876 F.3d at 446 (quoting *Morse v. Lower Merion Sch. Dist.*, 132

7

F.3d 902, 910 (3d Cir. 1997); *Vargas v. City of Phila.*, 783 F.3d 962, 973 (3d Cir. 2015)). The proof required is "something less than knowledge that the harm was practically certain." *Kedra*, 876 F.3d at 446 (quoting *Ziccardi v. City of Phila.*, 288 F.3d 57, 66 (3d Cir. 2002)).

Moyer's amended complaint articulates a scenario where a prison official, Defendant Gerstner, knew that an incoming inmate, Victoria Jeannette Herr, required special attention. (Doc. 45, ¶ 48-49). Gerstner knew that Herr would not receive critical attention. (Doc. 45, ¶ 50). Despite this knowledge, Gerstner made no effort to ensure that Herr would receive necessary care. (Doc. 45, ¶ 75). This knowledge and inaction is sufficient to find a "willingness to ignore a foreseeable danger or risk, and meets even the heightened standard under the Eighth Amendment. The protections afforded to prison officials for reliance upon the decisions of medical officials does not extend to protect prison officials who know or have reason to know that inadequate care is being given, such as continued decline obvious to a layman.

Accordingly, the Court finds that the amended complaint filed by Plaintiff Stephanie Moyer adequately states a claim for deliberate indifference by Defendant Gerstner. Thus, the Court recommends that the County Defendants' motion to dismiss Moyer's claim of deliberate indifference against Defendant Gerstner should be **DENIED**.

### B. Moyer's Claim of Intentional Infliction of Emotional Distress

Next, the County Defendants assert that Moyer has failed to state a claim for intentional infliction of emotional distress in her individual capacity, and in any case amendment to include this claim should be denied as time-barred. (Doc. 49, at 9). The Plaintiff responds that the conduct in question constitutes "outrageous" conduct that caused Moyer physical pain.

At its most basic, a claim for intentional infliction of emotional distress requires a plaintiff establish: (1) that the defendant's conduct was extreme and outrageous; (2) that the

8

conduct was intentional or reckless; (3) the conduct caused emotional distress; and (4) the distress was severe. *See Chuy v. Phila. Eagles Football Club,* 595 F.2d 1265, 1273 (3d Cir. 1979). "The tort of intentional infliction of emotional distress requires a showing that the defendant[] acted in a manner so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency and to be regarded as atrocious and utterly intolerable in a civilized society." *McGreevy v. Stroup*, 413 F.3d 359, 371 (3d Cir. 2005) (internal citations omitted). Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, "Outrageous!" Restatement (Second) of Torts, § 46 commend d; *Hunger v. Grand Cent. Sanitation*, 670 A.2d 173, 177 (Pa. Super. Ct. 1996). Further, a claim for intentional infliction of emotional distress ("IIED") requires physical injury, harm, or illness caused by the defendant's conduct. *Dempsey v. Bucknell Univ.*, 76 F. Supp. 3d 565, 589 (M.D. Pa. 2015). It is for the court to determine if the defendant's conduct is so extreme as to permit recovery. *Krushinski v. Roadway Express,* 627 F. Supp. 934, 938 (M.D. Pa. 1985).

As characterized by Moyer, Karnes "outrageous[ly] and intentional[ly]" attempted to cover up conduct by prison and medical officials by providing false statements to Moyer about the circumstances of her daughter's death. (Doc. 45, ¶ 121). Further, Moyer states that she suffered severe emotional distress manifesting in physical symptoms. The Court's role at the motion to dismiss stage is something of a gate-keeper, ensuring that the facts of the complaint afford relief. On her claim for IIED against Warden Karnes, Moyer has pled facts to survive to discovery. The disparate characterizations of Warden Karnes' actions reflect why the Court is forced to accept the facts offered in the light most favorable to the Plaintiff at this stage. While calling the mother of a deceased inmate and stating that staff did all they could is not in and of

9

itself actionable, knowing the falsity of these statements and actively misleading the mother may well be characterized as outrageous. Accordingly, the Court will permit this claim to proceed, particularly in light of the deferential standards in place at this stage.

Moyer's claim against Defendant Gerstner for IIED may likewise proceed. The facts offered state that Gerstner posted a message "in a social media group established to commemorate Ms. Herr's life and mourn her death[.]" (Doc. 45, ¶ 129). A message, interpreted as intending to blame Herr for her death and in a forum intended to celebrate her life, would inarguably cause consternation in grieving individuals. As with the claim against Warden Karnes, the characterization matters, and it is not for the Court to interpret or weigh evidence at this juncture. As offered by Moyer, Gerstner entered a group and posted disparaging remarks in a group that he would have known was created by friends and family of the deceased. Accordingly, the Court finds that this conduct could be deemed outrageous by societal norms.

Lastly, the County Defendants assert that amendment of the IIED claims to change the theory of recovery to asserting the claims against Karnes and Gerstner in Moyer's individual capacity. Rule 15 of the Federal Rules of Civil Procedure permits relation back of otherwise time-barred claims under limited circumstances. Most applicably, "[a]n amendment to a pleading relates back to the date of the original pleading when[] the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." FED. R. CIV. P. 15(c)(1)(B). Moyer has not altered the underlying conduct that precipitates her claim for intentional infliction of emotional distress, merely amending the capacity in which she asserts the claim. Further, amendment of this nature does not prejudice the Defendants, as they have been on notice of the facts since a date

that renders the claim timely. The Court considers the relation-back provision contained in Rule 15(c)(1)(B) applicable and Moyer's amended claim thus timely.

The Court recommends that Moyer's claims for intentional infliction of emotional distress, amended to present claims in her individual capacity against Defendants Karnes and Gerstner, are sufficient to proceed. Thus, the Court recommends that the Defendants' motion to dismiss these claims be **DENIED**.

## V. RECOMMENDATION

Based on the foregoing, the Court recommends that the County Defendants' motion to dismiss (Doc. 48) be **DENIED**. Plaintiff Stephanie Moyer has adequately stated claims of deliberate indifference and intentional infliction of emotional distress against Defendant Gerstner, and a claim of intentional infliction of emotional distress against Defendant Karnes. Further, all claims are timely under the relation-back rules provided in Rule 15(c)(1)(B).

**Dated: December 28, 2017**                                   *s/ Karoline Mehalchick*
                                                               **KAROLINE MEHALCHICK**
                                                               **United States Magistrate Judge**

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEPHANIE MOYER, *as Administrator of the Estate of VICTORIA JEANNETTE HERR*,<br><br>    Plaintiff,<br><br>v.<br><br>LEBANON COUNTY, et al.,<br><br>    Defendants. | CIVIL ACTION NO. 3:16-CV-01424<br><br>(MARIANI, J.)<br>(MEHALCHICK, M.J.) |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **December 28, 2017**.

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Dated: December 28, 2017               *s/ Karoline Mehalchick*
                                       **KAROLINE MEHALCHICK**
                                       **United States Magistrate Judge**